UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT SEDORE,

    Plaintiff,

v.

Case No. 2:21-cv-13006
Hon. Paul D. Borman

MICHIGAN DEPTARTMENT OF
CORRECTIONS,
REBECCA BRADLEY,
ASHLEY DUNCAN,
SIRENNA LANFAIR, AND
JANE/JOHN DOES,

    Defendants.
_____/

**OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL**

This is a *pro se* prisoner civil rights case filed under 42 U.S.C. § 1983. Plaintiff Scott Sedore is incarcerated at the G. Robert Cotton Correctional Facility. Plaintiff claims that Defendants have acted with deliberate indifference to his dental care. The Court will summarily dismiss the complaint with respect to Defendant Michigan Department of Corrections. The case will proceed against the individually named Defendants.

**I. Standard of Review**

Plaintiff has paid the full filing fee. Nevertheless, under the Prison Litigation Reform Act ("PLRA"), the Court is authorized to *sua sponte* dismiss a prisoner

1

complaint before service on a Defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1915(e)(2). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege that (i) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (ii) the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-156 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972).

## II. Complaint

Plaintiff's Complaint asserts that he is receiving inadequate dental care at the Cotton Correctional Facility. The individually named Defendants are personnel at his facilities' dental unit and the health unit manager.

Plaintiff claims that from May 28, 2020, until present, he is "in desperate need of dental care that Defendants refuse to provide me." (ECF No. 1, PageID.21.) The Complaint catalogs the multiple grievances he has filed regarding his dental care. Plaintiff asserts that he has a long history of dental issues including gum disease, fillings in nearly every tooth, and having been told that many of his teeth will have

to be extracted if not repaired. He fears that any further delay in treatment will result in the loss of all or most of his teeth. He states he has requested appointments and complained to the named Defendants about the lack of dental care, but to date he has still not received dental services since being placed on a waiting list on May 29, 2020.

### III. Discussion

The Eighth Amendment bans any punishment that involves the unnecessary and wanton infliction of pain. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). It is well-established that deliberate indifference to serious medical needs constitutes the unnecessary and wanton infliction of pain. *See Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). To state a claim for deliberate indifference to a serious medical need, a plaintiff must allege facts in support of a two-prong test. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). First, the plaintiff must allege that the deprivation alleged is "objectively, 'sufficiently serious.'" *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the plaintiff must allege that the prison official committing the act did so with a "'sufficiently culpable state of mind.'" *Id.* (citing *Wilson*, 501 U.S. at 302-03).

As to the first prong, the Sixth Circuit has defined "a [sufficiently serious] medical need ... as one 'that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the

necessity for a doctor's attention.'" *Jones v. Muskegon Cnty.*, 625 F.3d 935, 941 (6th Cir. 2010) (quoting *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008)).

As to the second prong, a plaintiff must allege more than mere negligence. *Farmer*, 511 U.S. at 835. The conduct must "demonstrate deliberateness tantamount to an intent to punish." *Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir.1988). However, "a prisoner is not required to show that he was literally ignored by the staff to prove an Eighth Amendment violation, only that his serious medical needs were consciously disregarded." *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 448 (6th Cir.2014).

With respect to the individually named Defendants, the allegations in the Complaint, liberally construed, suffice to allow the case to proceed on a deliberate indifference claim. Plaintiff asserts a sufficiently serious medical need – retaining his teeth. *See Flanory v. Bonn*, 604 F.3d 249, 255-56 (6th Cir. 2010) (holding that allegations that an inmate was deprived of toothpaste for 337 days and experienced dental health problems did not constitute a mere temporary inconvenience and were sufficient to state an Eighth Amendment claim). Plaintiff further claims that he made the named Defendants personally aware of his dental condition, but they refused to treat him. The claims against the individually named Defendants therefore survive the PLRA's initial screening requirement.

4

With respect to Defendant Michigan Department of Corrections, however, the Complaint is subject to summary dismissal. Except for limited circumstances not applicable here, the Eleventh Amendment bars suits "in which [a] State or one of its agencies or departments is named as the defendant." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Accordingly, Plaintiff's deliberate indifference claim against the Michigan Department of Corrections, a Department of the State of Michigan, is barred by Eleventh Amendment immunity. *Harrison v. State of Mich.*, 722 F.3d 768, 771 (6th Cir. 2013).

### IV. Conclusion

Accordingly, under § 1915(e)(2), the Court will dismiss Defendant Michigan Department of Corrections. The case will proceed with respect to the individually named Defendants.

SO ORDERED.

_____
Paul D. Borman
United States District Court

Dated: 1/14/2022

5